IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DAVID A. STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIV-24-1044-SLP |
| v. | ) | |
| | ) | |
| J.B. HUNT TRANSPORT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Plaintiff David Stewart's Motion to Remand, or, in the Alternative, to Stay and Brief in Support [Doc. No. 3].[1]  Defendant J.B. Hunt Transport, Inc. (J.B. Hunt) has responded, *see* [Doc. No. 5], and the time for a reply has expired. *See* LCvR7.1(h).  For the reasons that follow, Mr. Stewart's Motion is GRANTED.

Mr. Stewart argues the Court should abstain from exercising jurisdiction in this matter under the *Colorado River* doctrine due to parallel state court proceedings in the District Court of Oklahoma County, State of Oklahoma.[2]  J.B. Hunt argues that *Colorado River* abstention is not warranted because the two actions are not parallel and the relevant

---

[1] The Motion was originally brought by Plaintiffs David Stewart and Ashford Hills Homeowners Association, Inc. (Ashford Hills).  *See* [Doc. No. 3] at 1.  But the parties filed a Joint Stipulation of Dismissal Without Prejudice of Ashford Hills [Doc. No. 6], dismissing all claims asserted by Ashford Hills in this action pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).  Accordingly, only Mr. Stewart remains as a Plaintiff.  And because the parties did not request leave to supplement or refile their briefing, the Court decides the issue on the existing record.

[2] The *Colorado River* doctrine is based on the Supreme Court decision *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) and its progeny.

factors weigh against abstention. The Court outlines the procedural history of the state court proceedings and this action before discussion of the parties' legal arguments.

I.     **Background**

This action, the ongoing state court action, and a prior state court action all arose from an altercation on May 11, 2020 between nonparty Travis Miller and Mr. Stewart in the Ashford Hills neighborhood. *See* Mot. [Doc. No. 3] at 1-2; *see also* Resp. [Doc. No. 5] at 5. Mr. Miller was a delivery driver employed by J.B. Hunt who was making a delivery in the Ashford Hills neighborhood where Mr. Stewart was a resident and was involved in the homeowners' association. Mr. Stewart was accompanied by another Ashford Hills resident named Keith Elliot during the altercation.[3]

Mr. Miller and his wife, LaShawn Miller, originally filed suit against Mr. Stewart, Ashford Hills, and John Doe (later identified as Mr. Elliot) on July 8, 2020. *See Miller v. Stewart*, CJ-2020-3147 (Okla. Cnty. July 8, 2020) (*Miller I*).[4] The Millers asserted claims for negligence, assault, malicious prosecution, false imprisonment, false arrest, intentional infliction of emotional distress, and loss of spousal consortium. *See id.* In September of 2020, Mr. Stewart and Ashford Hills filed Third-Party Petitions asserting claims against J.B. Hunt for "contribution/indemnity," negligent supervision and training, negligence per

---

[3] The parties assert different versions of the facts, but there is no dispute all the litigation discussed herein relates to the altercation.

[4] The Court takes judicial notice of the dockets and filings in the state court actions, all of which are available at www.oscn.net.

se, and vicarious liability.[5] *See id.* J.B. Hunt filed answers to the third party petitions shortly thereafter. *See id.*

*Miller I* proceeded through approximately two years of discovery which included depositions of at least nine individuals. *See* Mot. [Doc. No. 3] at 3-4. In October of 2022, J.B. Hunt filed a motion for summary judgment on the third-party claims asserted by Mr. Stewart and Ashford Hills. *See Miller I*, CJ-2020-3147 (Okla. Cnty. October 24, 2022). The state court held a hearing and ultimately granted summary judgment on the claims of contribution, indemnity, negligence per se, negligent supervision and training, and trespass. *See id.* The state court denied summary judgment as to the claims against J.B. Hunt for defamation, libel, and vicarious liability. *See id.*

On March 22, 2023, the Millers voluntarily dismissed their claims against Mr. Stewart, Mr. Elliot, and Ashford Hills without prejudice. *Id.* On April 26, 2023, Mr. Stewart and Ashford Hills dismissed their remaining claims against J.B. Hunt without prejudice. *Id.* Then on March 19, 2024—just under one year after the dismissal of *Miller I*—the Millers filed a second state court action against Mr. Stewart, Mr. Elliot, and Ashford Hills. *See Miller v. Elliot*, CJ-2024-1838 (Okla. Cnty. March 19, 2024) (*Miller II*). Except for malicious prosecution and false arrest, the Millers brought the same claims in *Miller II* as they did in *Miller I*. *See id.*

On April 25, 2024—prior to being served in *Miller II*—Mr. Stewart and Ashford Hills filed a separate action against J.B. Hunt in the District Court of Oklahoma County.

---

[5] Mr. Stewart also included claims for defamation and libel, and Ashford Hills included a trespass claim. *See id.*

3

*See Stewart v. J.B. Hunt Transport, Inc.*, CJ-2024-2768 (Okla. Cnty.).  They asserted the same claims against J.B. Hunt that they brought as third-party claims in *Miller I*: "contribution/indemnity," negligent supervision and training, defamation, libel, negligence per se, trespassing, and vicarious liability.  *See id.*  This is the present action that was removed to this Court by J.B. Hunt.  *See* Notice of Removal [Doc. No. 1].[6]

On October 4, 2024—prior to J.B. Hunt's Notice of Removal in this case—Mr. Stewart filed an Answer, Counterclaim, and Third-Party Petition in *Miller II*, again bringing claims against J.B. Hunt.  *See id.*, CJ-2024-1838 (Okla. Cnty. October 4, 2024). In *Miller II*, Mr. Stewart asserts nearly all the same claims at issue in this action: negligent supervision and training, defamation, libel, negligence per se, and vicarious liability.  *See id.*  He does not, however, assert claim for "contribution/indemnity" in *Miller II* as he does here.  *See id.*  Ashford Hills did not bring third party claims against J.B. Hunt in *Miller II*. *See generally id.*

On October 29, 2024, J.B. Hunt filed a Motion to Dismiss Mr. Stewart's claims in *Miller II*.  *See id.*  J.B. Hunt argued, among other things, that "[t]he instant Third-Party Petition is identical to the Petition filed and now pending in federal court. . ." *Id.* at 3.  On January 6, 2025, the state court entered an order overruling J.B. Hunt's Motion to Dismiss but staying the claims asserted in the Third-Party Petition pending resolution of the Motion presently at issue.  *See id.*

---

[6] Mr. Stewart explains that he separately filed this action against J.B. Hunt because he had not yet been served in *Miller II* and he was approaching the one-year expiration of Oklahoma's savings statute.  Mot. [Doc. No. 3] at 5.

4

II.     *Colorado River* **Abstention**

In exceptional circumstances, a federal court may decline to exercise its "virtually unflagging obligation" to exercise federal jurisdiction, in deference to pending, parallel state proceedings. *Colo. River*, 424 U.S. at 817-18. Such a decision "rest[s] on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* at 817 (internal quotation marks and alteration omitted). The decision "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

A two-step inquiry governs whether a court should abstain from exercising its jurisdiction under the *Colorado River* doctrine. First, the Court must determine whether the state and federal proceedings are parallel. *Fox v. Maulding*, 16 F.3d 1079, 1081 (10th Cir. 1994). If the Court finds the proceedings are parallel, it must then determine whether "exceptional circumstances" exist to warrant abstention. *Id.* at 1081-82. The Tenth Circuit has recognized eight factors pertinent to this analysis:

1. the possibility that one of the two courts has exercised jurisdiction over property;
2. the inconvenience from litigating in the federal forum;
3. the avoidance of piecemeal litigation;
4. the sequence in which the courts obtained jurisdiction;
5. the "vexatious or reactive nature" of either case;

6. the applicability of federal law;

7. the potential for the state-court action to provide an effective remedy for the federal plaintiff; and

8. the possibility of forum shopping.

*Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1122 (10th Cir. 2018) (citing *Fox*, 16 F.3d at 1082).

### A. The State and Federal Proceedings are Parallel

Actions are parallel if they involve "substantially the same parties litigat[ing] substantially the same issues in different forums." *See Fox*, 16 F.3d at 1081. "Proceedings may be parallel even if they 'are far from identical.'" *CNSP, Inc. v. City of Santa Fe*, 753 F. App'x 584, 589 (10th Cir. 2018) (quoting *D.A. Osguthorpe Fam. P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1233 (10th Cir. 2013)); *see also United States v. City of Las Cruces*, 289 F.3d 1170, 1182 (10th Cir. 2002) ("[I]n the Colorado River context . . . exact identity of parties and issues is not required."). The Court finds that this action and *Miller II* are parallel because they involve substantially the same parties and issues.

As explained above, this case and *Miller II* arise from the same event: the altercation between Mr. Stewart and Mr. Miller in the Ashford Hills neighborhood on May 11, 2020. Mr. Stewart and J.B. Hunt are parties in *Miller II*, so there are no parties to this action that are not also parties in that case. Except for "contribution/indemnity," all claims asserted in this action are also asserted by Mr. Stewart against J.B. Hunt as third-party claims in *Miller II*. J.B. Hunt does not dispute that this action would have been consolidated with *Miller II* had it not been removed, and it acknowledged in state court that the "Third-Party

6

Petition is identical" to the claims in this case. *See* Mot. [Doc. No. 3] at 6; *see also* Resp. [Doc. No. 5]; *Miller II*, CJ-2024-1838 (Okla. Cnty. October 29, 2024). All this overlap is sufficient to find the two cases are parallel.

J.B. Hunt points to trivial distinctions between the two cases without developing an argument as to why those differences are of any legal significance. *See* Resp. [Doc. No. 5] at 14-15. J.B. Hunt principally relies on the fact that Ashford Hills has not asserted third-party claims against it in *Miller II*, but Ashford Hills' claims against J.B. Hunt are no longer part of this action. *See id.*; *see also* Stipulation of Dismissal [Doc. No. 6]. Accordingly, most of its argument is irrelevant now that Ashford Hills has been dismissed.

Beyond that, J.B. Hunt only points out that there are additional parties to *Miller II* not named in this action, namely the Millers and Mr. Elliot. *See* Resp. [Doc. No. 5] at 15. But it wholly fails to explain the legal significance of that distinction, and a minor difference in parties, without more, does not mean the cases are not parallel. *See City of Las Cruces*, 289 F.3d at 1182 ("[E]xact identity of parties and issues is not required."); *see also CNSP, Inc.*, 753 F. App'x at 589 (finding a federal and state case were parallel, despite there being an additional defendant in the state court action, where the party opposing abstention "ma[de] no attempt to explain why this circumstance is relevant[.]"). The Court finds this difference particularly inconsequential where all the claims and contentions between Mr. Stewart and J.B. Hunt are part of *Miller II*.

Finally, J.B. Hunt fails to develop its legal contentions regarding ability to obtain complete resolution of the issues in the state court action. *See* Resp. [Doc. No. 5] at 14-15; *see also Hardeman v. City of Albuquerque*, 377 F.3d 1106, 1122 (10th Cir. 2004)

7

("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (quotation omitted)). Of course, the state court case must be "an adequate vehicle for the complete and prompt resolution of the issue between the parties" and the Court must be satisfied that it "will have nothing further to do in resolving any substantive part of the case[.]" *Fox v. Maulding*, 16 F.3d 1079, 1082 (10th Cir. 1994) (internal quotation marks and citation omitted). As J.B. Hunt acknowledged in state court, however, the claims in this action and the third-party claims in *Miller II* are "identical" in every meaningful respect, so there would be nothing substantive left to resolve. *See Health Care & Ret. Corp. of Am. v. Heartland Home Care, Inc.*, 324 F. Supp. 2d 1202, 1208 (D. Kan. 2004) ("Except for the application of principles of res judicata, completion of the state case likely will eliminate the need for further substantive proceedings in federal court."). For all these reasons, the Court finds that this action and *Miller II* are parallel.

### B. Applying the Pertinent Factors, Abstention is Warranted

The parties dispute whether exceptional circumstances warrant abstention based on application of the pertinent factors set forth above. Mr. Stewart contends the third, fourth, sixth, and seventh factors weigh in favor of abstention, *see* Mot. [Doc. No. 3] at 7, and J.B. Hunt discusses those same factors. *See* Resp. [Doc. No. 5] at 17-22. Accordingly, the Court only addresses those factors at issue.

#### 1. Factor Three – The Avoidance of Piecemeal Litigation

"[T]he avoidance of duplicative litigation . . . is at the core of the *Colorado River* doctrine." *D.A. Osguthorpe*, 705 F.3d at 1233; *see also Moses H. Cone*, 460 U.S. at 19

(describing the third factor as "paramount" in *Colorado River*). "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *THI of N.M. at Hobbs Ctr., LLC v. Patton*, 851 F. Supp. 2d 1281, 1290 (D.N.M. 2011) (cleaned up). "Concerns about piecemeal litigation should focus on the implications and practical effects of litigating suits deriving from the same transaction in two separate fora." *Id*. (cleaned up).

This factor clearly weighs in favor of abstention. As explained above, nearly all the substantive claims in this action are also asserted by Mr. Stewart against J.B. Hunt via third-party claims in *Miller II*. As such, the entirety of this action would be duplicative of the state court's efforts in *Miller II*. The Court also finds this factor particularly relevant where *Miller II* is the re-filed version of *Miller I*, involving the same claims, and *Miller I* was litigated before the same state court judge for over two years. *Cf. D.A. Osguthorpe*, 705 F.3d at 1234 (finding this factor weighs in favor of abstention where the parties had litigated the action in state court over the course of more than four years).

"*Colorado River* concerns itself with efficiency and economy" and the "goal is to preserve judicial resources." *D.A. Osguthorpe*, 705 F.3d at 1233 (cleaned up). The Court finds efficiency, economy, and the preservation of judicial resources warrant a stay of this case.[7]

---

[7] With respect to this factor, J.B. Hunt repeats its arguments that there are additional parties to *Miller II* and Ashford Hills did not assert claims against it in state court. Resp. [Doc. No. 5] at 18. The Court finds those arguments without merit for the same reasons set forth above.

9

### 2. Factor Four – the Order in Which Jurisdiction was Obtained

In applying the fourth factor, "'priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions.'" *D.A. Osguthorpe*, 705 F.3d at 1235 (quoting *Moses H. Cone*, 460 U.S. at 21). In *Moses H. Cone*, the Supreme Court found the district court erred in abstaining even though the state court action was filed first because significantly more progress had been made in the federal action. 460 U.S. at 21-22.[8] "This factor, as with the other *Colorado River* factors, is to be applied in a pragmatic, flexible manner[.]" *Id.* at 21. The Court finds the fourth factor weighs in favor of abstention.

Although the parties argue over dates of pertinent filings, the predominant consideration of progress made in each action plainly weighs in favor of abstention. *Miller II* is a re-filed version of *Miller I*, which was litigated for more than two years up to the summary judgment stage. *Cf. D.A. Osguthorpe*, 705 F.3d at 1235 (finding this factor weighed in favor of abstention because the "state court had already overseen years of intensive litigation before the federal court's jurisdiction was invoked."). Even if the Court

---

[8] J.B. Hunt ignores the Supreme Court's directive regarding progress in the two actions and states only as follows: "[i]n assessing when jurisdiction was obtained under the *Colorado River* abstention doctrine, courts 'focus on the date that the complaint had been filed in state court rather than the removal date.'" *See* Resp. [Doc. No. 5] at 19. In support, J.B. Hunt quotes *Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d at 1126, but the operative quote relates to the "first-to-file" rule applicable to parallel federal proceedings rather than *Colorado River* abstention. *See id.* The *Wakaya* court did not say that the principle J.B. Hunt quotes applies in the *Colorado River* context, nor has the Court found any authority applying the same rule in this context. *See id.* at 1125-26. While an argument could certainly be made for application of that principle, the manner in which J.B. Hunt asserts it—coupled with citations to cases that do not involve *Colorado River*—is an overstatement of what *Wakaya* provides and ignores the primary consideration with respect to this factor in the *Colorado River* context: progress made in the two actions. The Court will generously assume this was an oversight.

were to ignore all the developments in *Miller I*, the progress made in *Miller II* still weighs in favor of abstention: as noted, the state court has already ruled on a motion to dismiss by J.B. Hunt, while only the issue of abstention has been litigated here. Accordingly, the fourth factor weighs in favor of abstention.

### 3. Factors Six and Seven

Although briefly addressed by the parties, factors six and seven merit little discussion in this case. Factor six—applicability of federal law—does not weigh against abstention because all claims in both actions are brought pursuant to Oklahoma law. J.B. Hunt argues "there is no clear policy of avoidance of litigating" the state law claims at issue in federal court, citing examples of federal courts adjudicating state law claims. *See* Resp. [Doc. No. 5] at 20. But it cites no authority suggesting the mere fact that a federal court can adjudicate state law claims militates against *Colorado River* abstention. The lack of any federal claim in this action means, at a minimum, this factor does not weigh against abstention. *See MacIntyre v. JP Morgan Chase Bank*, No. 12-cv-02586-WJM-MEH, 2015 WL 1311241, at *4 (D. Colo. Mar. 19, 2015), *aff'd*, 644 F. App'x 806 (10th Cir. 2016) (rejecting a similar argument and concluding "the presence of federal claims would counsel in favor of exercising jurisdiction, while the lack of such claims renders more reasonable a court's decision to decline jurisdiction."); *see also Moses H. Cone*, 460 U.S. at 26 ("[T]he presence of federal-law issues must always be a major consideration weighing against surrender" but "in some rare circumstances the presence of state-law issues may weigh in favor of that surrender").

11

Finally, factor seven—potential for the state-court action to provide an effective remedy for the federal plaintiffs—does not weigh against abstention. The lone federal Plaintiff, Mr. Stewart, is the party seeking abstention, and no party makes any suggestion that the state forum cannot provide him an effective remedy.[9] There is no concern as there was in *Moses H. Cone*, for example, regarding a statute or other law that could potentially compel one result in federal court and another in state court. *See* 460 U.S. at 26–27 (discussing "substantial room for doubt" as to whether a provision of the Federal Arbitration Act would apply the same in state court). Accordingly, this factor does not weigh against abstention.

### 4. Balance of Factors

For the reasons set forth, factors three and four weigh heavily in favor of abstention, and the other factors are either neutral or weigh slightly in favor of abstention. No factor weighs against abstention. Moreover, since most of J.B. Hunt's arguments pertain to differences in the two actions with respect to Ashford Hills, the parties' Stipulation of Dismissal [Doc. No. 6] was all but an express concession that abstention is warranted. Upon consideration of all relevant circumstances, the Court finds "this case should live out the rest of its days in the place where it began," the District Court of Oklahoma County. *D.A. Osguthorpe*, 705 F.3d at 1236.

---

[9] J.B. Hunt's only argument on this factor pertains to inability of Ashford Hills to recover in the state court action, *see* Resp. [Doc. No. 5] at 20-21, but that is no longer a relevant consideration since Ashford Hills has been dismissed.

### C. A Stay of this Action is Appropriate

Although Mr. Stewart requests remand of this action in the title of his Motion, he acknowledges "the preferred practice is to stay this action. . ." Mot. [Doc. No. 3] at 9-10. Accordingly, the Court will stay this action. *See Jackson v. Santander Consumer USA Inc.*, No. 23-2403-DDC-TJJ, 2024 WL 4817502, at *11 (D. Kan. Nov. 18, 2024) (collecting cases and deciding to stay and administratively close the action like other district courts in the Tenth Circuit).

### III. Conclusion

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Remand, or, in the Alternative, to Stay and Brief in Support [Doc. No. 3] is GRANTED as set forth above.

IT IS FURTHER ORDERED as follows:

1. This action is STAYED until *Miller II* has been fully and finally adjudicated.

2. The parties shall file a notice with the Court when *Miller II* has been fully and finally adjudicated so that a determination can be made as to what issues, if any, remain in this lawsuit. Alternatively, the parties may file a joint stipulation of dismissal of this action.

3. The Clerk of Court is directed to administratively close this action until further order of the Court.

IT IS SO ORDERED this 27th day of August, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE